IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| YEKEEN A. BELLO, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. AMD 03-CV-493 |
| BANK OF AMERICA CORPORATION, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER

Defendant Bank of America Corp. ("the Bank"), through undersigned counsel, respectfully submits this Answer to Plaintiff's Original Complaint ("Complaint") and states as follows:

## First Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## Second Defense

The Bank responds to each correspondingly numbered and unnumbered paragraph of Plaintiff's Complaint as follows:

PARTIES

1.    The Bank admits that Kensington, Maryland is within the jurisdiction of this Court, but is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph.

2.    The Bank is without knowledge or information sufficient to form a belief as to whether Plaintiff is 59 years of age and originally from Nigeria, Africa.   The remaining

averments of this paragraph are legal conclusions which the Bank is not required to either admit or deny.

3.     The Bank admits that it does business in various states including Maryland.  The Bank denies the remaining averments of this paragraph.

4.     This paragraph sets forth legal conclusions which the Bank is not required to either admit or deny.

## JURISDICTION AND VENUE

5.     The Bank admits that Plaintiff purports to bring this action under the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII").  The Bank denies that it discriminated against Plaintiff on any basis and denies that Plaintiff has any actionable claim under the ADEA, Title VII, or any other federal, state or local law.

6.     The Bank admits that Plaintiff purports to seek damages and other legal and equitable remedies, but denies that Plaintiff is entitled to any damages, remedies, or other relief of any kind against the Bank.

7.     The Bank admits that this Court has subject matter jurisdiction over Plaintiff's purported claims under the ADEA and Title VII.  However, because no common law of state claims are asserted in the Complaint, the Bank denies that this Court has pendent, ancillary, or supplemental jurisdiction over any such claims.

8.     The Bank admits that venue is proper in this Court, but denies that it engaged in any unlawful employment practices.

9.     The Bank admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about July 24, 2002, that the EEOC

issued a Dismissal and Notice of Rights to Plaintiff on November 27, 2002, that a copy of that

Dismissal and Notice of Rights is attached to the Complaint as Exhibit 1, and that this action was

filed on or about February 24, 2003.  The remaining averments of this paragraph are legal

conclusions which the Bank is not required to either admit or deny.

## FACTUAL ALLEGATIONS

10.  Admitted that Plaintiff was hired by one of the Bank's predecessors in November

1991 to work in the processing center on Calvert Street, in Baltimore, Maryland.

11.  Denied.

12.  Denied.

13.  Denied.

14.  Denied.

15.  Denied.

16.  Denied.

17.  Denied.

## UNLAWFUL EMPLOYMENT DISCRIMINATION
(Age, Racial and/or National Origin)

18.  The Bank incorporates herein by reference its responses to paragraphs 1 through 17

of the Complaint, as if fully stated herein.

19.  The Bank is without knowledge or information sufficient to form a belief as to the

truth of the averment that Plaintiff "received several annual employee award [sic.] for good work

performances."  The Bank denies the remaining averments of this paragraph.

20.  Denied.

21.  Denied.

22.  Denied.

23.  Denied.

24.  Denied.

The Bank responds to the unnumbered "WHEREFORE" paragraph at the end of the section of the Complaint entitled "Unlawful Employment Discrimination" by stating that it denies that Plaintiff is entitled to any of the requested relief against the Bank under any theory.

PRAYER FOR TRIAL BY JURY

The Bank admits that Plaintiff requests a trial by jury in this action, but denies that there are any issues warranting trial in this action.

The Bank further responds to each and every averment of each and every numbered and unnumbered paragraph of the Complaint to the extent any answer is or may be required by stating that any averments not admitted specifically is denied.

### Third Defense

Plaintiff's claims are not actionable because Plaintiff cannot establish a prima facie case of age, race, or national origin discrimination under any theory.

### Fourth Defense

Plaintiff's claims are not actionable because Plaintiff did not suffer any adverse employment action in connection with any alleged age, race, or national origin discrimination.

### Fifth Defense

Plaintiff's claims are not actionable because the Bank's conduct with respect to Plaintiff and the reasons therefore were in all cases legitimate and non-discriminatory, and, to the extent some or all of Plaintiff's claims are based upon allegations of age discrimination, upon reasonable factors other than age.

### Sixth Defense

Plaintiff's claims are not actionable because Plaintiff cannot show that any reason offered by the Bank for its conduct with respect to Plaintiff was in any way or in any case a pretext for purposeful, intentional and/or legally prohibited discrimination.

### Seventh Defense

In the alternative, Plaintiff's claims are not actionable because the same decisions would have resulted even if an impermissible purpose had not been considered.

### Eighth Defense

The Bank reserves the right to assert that some or all of Plaintiff's claims and/or her demands for relief are barred or are otherwise not actionable because of the after acquired evidence doctrine and conduct of Plaintiff discovered by the Bank near or after his separation from the Bank.

### Ninth Defense

The Bank reserves the right to assert that Plaintiff failed to mitigate his damages, if any, if the facts reveal this to be the case upon completion of discovery.

### Tenth Defense

The Bank reserves the right to assert that some or all of Plaintiff's claims are not actionable because Plaintiff failed to exhaust his administrative remedies and/or did not make them the subject of a timely charge of discrimination and/or did not make them the subject of a lawsuit within 90 days of Plaintiff's receipt of a Dismissal and Notice of Rights and/or because they otherwise were not investigated or considered by the appropriate administrative agency.

### Eleventh Defense

The Bank reserves the right to assert that some or all of Plaintiff's claims are not actionable because they are barred by applicable limitation periods or were not brought in a timely manner.

### Twelfth Defense

Plaintiff is not entitled to punitive damages with respect to any of her claims because the Bank did not engage in discriminatory practices, did not act with malice or with willful or reckless indifference or disregard to the legally protected rights of Plaintiff, and did not act in any other willful, egregious, vexatious or improper manner that would support any award of punitive damages in this matter and because the Bank has made good faith efforts to comply with its duties under the law.

### Thirteenth Defense

Some or all of Plaintiff's claim for damages are not actionable to the extent they seek damages beyond the maximum permitted by the ADEA, Title VII, 42 U.S.C. § 1981a, or any other law.

### Fourteenth Defense

The Bank reserves the right to assert that some or all of Plaintiff's claims and/or some or all of the relief requests in the Complaint may be barred, in whole or in part, by the doctrines of waiver, estoppel and/or release.

### Fifteenth Defense

Plaintiff's Complaint, and each cause of action purportedly contained therein, fails to state facts sufficient to entitle Plaintiff to an award of special, exemplary, or punitive damages.

### Sixteenth Defense

The Bank reserves the right to assert additional defenses as they become known during the course of discovery.

WHEREFORE, the Bank, having answered Plaintiff's allegations set forth in Plaintiff's Complaint, respectfully requests that the Court dismiss all of Plaintiff's claims against the Bank with prejudice, enter judgment in favor of the Bank and against Plaintiff as to each of Plaintiff's claims, award the Bank its costs and reasonable attorney fees, and allow the Bank such other and further relief as this Court may deem just and proper in this case.

Respectfully submitted,


_____/s/_____
Douglas M. Topolski
(Federal Bar No. 07844)


_____/s/_____
Elena D. Marcuss
(Federal Bar No. 25547)
McGuireWoods LLP
Seven St. Paul Street, Suite 1000
Baltimore, Maryland 21202
(410) 659-4400

Attorneys for Defendant
Bank of America Corporation

-8-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of May, 2003, a copy of the foregoing

Answer, which was electronically filed in this matter on May 29, 2003, was mailed, first-class,

postage prepaid to:

> Fatai A. Suleman, Esquire
> Amorow & Kum, P.A.
> 7676 New Hampshire Avenue, Suite 315
> Takoma Park, Maryland  20912


                                    /s/
                                    Elena D. Marcuss


\\LAB\#373120