IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| YEKEEN A. BELLO | : |
| Plaintiff | : |
| v. | : Civil No.: AMD-03-CV-493 |
| BANK OF AMERICA CORPORATION | : |
| Defendant. | : |

**PLAINTIFF'S MOTION TO EXTEND DISCOVERY AND RELATED DEADLINES**

Comes Now the Plaintiff, Yekeen A. Bello, by and through his attorney, Fatai A. Suleman, Esquire and respectfully moves the Honorable Court pursuant to Fed.R.Civ.P. 6(b) (1) and Local Rule 105 to extend the discovery deadline and related deadlines in this action and for cause states as follows:

**INTRODUCTION**

On or about February 24, 2003, Plaintiff, Yekeen A. Bello, ("Plaintiff"), by counsel, filed a complaint for unlawful employment discrimination on the basis of age, race, and/or national origin against the Defendant, Bank of America Corporation, ("Defendant").

Defendant filed an Answer to Plaintiff's Complaint and on June 2, 2003, the Court issued a Scheduling Order in this matter. By the Scheduling Order, inter alia, the discovery deadline was set for October 15, 2003 and a deadline for dispositive pre-trial motion was set for November 14, 2003.

The parties thereafter commenced discovery. Undersigned attorney is the only attorney of record for the Plaintiff. Because of time demands of other matters and because the discovery period fell within Plaintiff's counsel's vacation time, Plaintiff was not able to propound discovery requests to Defendant until September 8, 2003. The Defendant responded to Plaintiff's discovery request on October 8, 2003, and the response was not received by Plaintiff's counsel until on or about October 10, 2003.

However, in its discovery responses to Plaintiff's discovery requests, Defendant objected to producing certain documents Plaintiff deemed to be relevant to his case. In addition, Defendant's discovery responses reveal the need for further limited discovery to be performed by Plaintiff in order to be fully prepared for this action. Plaintiff also requires additional time to schedule a deposition of Defendant's witnesses. Plaintiff's Counsel's affidavit as to the need for the said needed further discovery is attached to this motion.

On October 15, 2003, pursuant to Local Rule 105.9, undersigned Plaintiff's attorney informed Defendant's counsel of his intention of filing this motion to extend the discovery deadline in this matter. Defendant's counsel was not available and Plaintiff's counsel left a voice-mail message to that effect. Defendant's counsel called back and undersigned Plaintiff's counsel was also not available and Defendant's counsel left a voice-mail message stating that Defendant will not consent to the extension of the discovery deadline.

Based on the foregoing facts and arguments hereunder, Plaintiff respectfully requests that this motion for extension be granted by the Court in the exercise of the Court's undoubted discretion.

## ARGUMENT

Plaintiff is Entitled to an Exercise of the Court's Discretion in Extending the <u>Discovery Deadline and Defendant will not be Prejudiced by the Extension</u>.

The primary purpose of discovery is to give both sides to an action a more complete picture of the facts before trial. As a result of discovery, the parties have the opportunity be fully prepared for trial and to present their cases in the most favorable fashion. The Court has issued a Scheduling which gave the parties in this action the opportunity for discovery. The purpose of Plaintiff's Motion for extension of time for discovery is for a limited period of thirty days to allow Plaintiff to perform limited discovery.

Fed.R.Civ.P.6(b) governs enlargement of time periods prescribed under the rules or by an order of court. When a request for additional time is made before the expiration of the period originally prescribed, a district court may enlarge the period for cause shown. Fed.R.Civ.P.(6)(b)(1). Indeed, such "An Application under Rule 6(b)(1) normally will be granted in the absence of bad faith or prejudice to the adverse party." 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165, at 475 (2d ed. 1987) cited in <u>Lee N. Koehler v. David Dodwell</u>, 2000 U.S. App. LEXIS 12138.

In the case at bar, Plaintiff has filed this motion for extension of the discovery deadline before the expiration of the time prescribed. In addition, there has not been any previous extension or amendment of the Scheduling Order in this action, it is not in bad faith but made for the purpose of performing complete discovery. Defendant cannot show any prejudice it will suffer by reason of the extension.

**WHEREFORE** Plaintiff requests the Court to revise the present Scheduling Order and to grant a 30-day extension of the discovery deadline, and for other related deadlines to be extended accordingly.

Respectfully submitted,

_____
Fatai A. Suleman, Esquire
Bar #: 14431
AMOROW & KUM, P.A.
7676 New Hampshire Avenue
Suite 315
Takoma Park, MD 20912.
Phone: 301 - 445 - 7800
Fax: 301 - 408 - 0015.

Plaintiff's Attorney.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

YEKEEN A. BELLO        :
    Plaintiff     :
    v.            :  Civil No.: AMD-03-CV-493
BANK OF AMERICA CORPORATION  :
    Defendant.    :

**ORDER**

UPON Consideration of Plaintiff's Motion for Extension of time to Extend Discovery Deadline, and good cause having been shown for an extension of time, and upon further consideration of Defendant's opposition thereto, it is this _____ day of _____ 2003, by the United States District Court for the District of Maryland,

**ORDERED,** that the Motion is hereby GRANTED, and it further

**ORDERED** that the discovery deadline in this case be and is hereby extended up to and including _____;

**ORDERED**, that the deadline for pre-trial motions in this case is hereby extended to _____.

_____
The Honorable Andre M. Davis
U.S. District Court Judge