<u>Yekeen Bello v. Bank of America Corporation</u>, Civil Action No. AMD 03-CV-493
Defendant's Memorandum in Support of its Motion for Summary Judgment
**<u>EXHIBIT 6</u>**
Plaintiff's Answers to Defendant's Interrogatories

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| YEKEEN A. BELLO | : | |
| Plaintiff | : | |
| v. | : | Civil Action No. AMD 03-493 |
| BANK OF AMERICA CORPORATION | : | |
| Defendant. | : | |

## PLAINTIFF'S ANSWERS TO DEFENDANT'S INTERROGATORIES

COMES NOW the Plaintiff, YEKEEN A. BELLO, by and through his attorney, Fatai A. Suleman, Esquire, and in accordance with the Federal Rules of Civil Procedure and answers Defendant's Interrogatories as follows:

### PRELIMINARY STATEMENT

(a)     The information supplied in these answers is not based solely upon the knowledge of the executing party, but includes the knowledge of the party's agents, representatives and attorneys, unless privileged.

(b)     The word usage and sentence structure is that of the attorney who infact prepared these answers and language does not purport to be the exact language of the executing party.

(c)     The interrogatories have been interpreted and answered in accordance with the Federal Rules of Civil Procedure, plain language usage, and to the extent not specifically challenged by objection, the definitions and instructions included with these interrogatories.

(d) These answers are continuing in nature to the extent required by the rules of this Court.

## GENERAL OBJECTIONS

1. Plaintiff Bello objects to each request to the extent it purports to require the disclosure of any information that is protected by the attorney-client privilege or the attorney work product doctrine, and/or other applicable privileges. Plaintiff Bello and her attorney assert the attorney-client privilege, the attorney work product doctrine, and other applicable privileges to the fullest extent provided by law.

2. Plaintiff Bello objects to each request to the extent it purports to impose obligations upon Plaintiff Bello in excess of those prescribed by law, by the Federal Rules of Civil Procedure, or by the orders of this court.

3. Plaintiff Bello objects to each request to the extent it calls for the disclosure of confidential, proprietary and/or privileged information.

4. Plaintiff Bello objects to each request to the extent it calls for the documents or information the disclosure of which would result in an unwarranted invasion of the legitimate privacy interests and/or the disclosure of medical records and individuals about whom such information is requested.

5. Plaintiff Bello objects to each request to the extent it seeks information that is not relevant to Plaintiff's claims, to the extent it is vague or ambiguous, or to the extent a response would be unduly burdensome and costly to Plaintiff Bello.

6. Each of these general objections is incorporated by reference into each specific

objection set forth below.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify each person other than yourself who contributed information, documents or property used in preparing your answers to these Interrogatories and in responding to Defendant's First Request for Production of Documents and Property, served simultaneously herewith, specifying as to each such person the information, documents or property used or provided as to each Interrogatory and each Request for Production of Documents or Property.

**ANSWER TO INTERROGATORY NO. 1:** other than his attorney who drafted the answers to these interrogatories, no other person contributed information, documents, or property in preparing the answers to these interrogatories.

**INTERROGATORY NO. 2:** Please identify all persons you believe have personal knowledge of any matters supporting or relating to the allegations set forth in your Complaint, the damages claimed therein and/or Defendant's responses thereto as set forth in its Answer, stating specifically what personal knowledge each such person possesses.

**ANSWER TO INTERROGATORY NO. 2:** (A) Plaintiff states that the following Defendant's employees at all material times have information as to the allegations in Plaintiff's Complaint regarding Plaintiff's employment with Defendant: (1) Diane Broughman, Manager, (2) Judy Harvey, Secretary to Ms. Brougham, (3) Phyllis Burkhart, Plaintiff's immediate supervisor, (4) Marie Merrell, supervisor, (5) Thomas,

3

(last name unknown), (6) John Riviere, midnight manager, has information regarding Plaintiff's request to him for transfer, (7) Folorunso "Folly" (last name unknown), 410-646-5266, who was terminated by Ms. Burkhat and Ms. Brougham, (8) Darlene Brown, (9) Jilendra Patel, (10) Lucy Chay, (11) Helen Bullock, (12) Victoria Annie, (13) Momento, and (14) Ella Jennigan. In addition, (B) Adi Bello, Plaintiff's spouse, has information concerning Plaintiff's complaints of workplace harassments, Plaintiff's emotional distress, Plaintiff's search for another employment, and Plaintiff's pastor, Rev. (Col) Ebenezer Caternor, Miracle Temple Assembly of God, 2457 Linden Lane, Silver Spring, MD 20910, telephone 301-562-1180 who counseled Plaintiff's after his termination; Discovery continues and Plaintiff expects to supplement this answer.

**INTERROGATORY NO. 3:** Please describe all the circumstances under which persons known by you to have given a written, recorded or oral statement in connection with the circumstances surrounding this lawsuit provided each such statement, including within your answer without limitation: the identity of each such person; the date of each such statement; the person who took the statement; any and all witnesses to each such statement; all documents which relate to, refer to or contain any such statements in whole or in part; and the person or persons having custody or possession of the original statement and all copies or any portions of each such statement.

**ANSWER TO INTERROGATORY NO. 3:** None, to the Plaintiff's knowledge.

**INTERROGATORY NO. 4:** For each paragraph in your Complaint, please identify each document, reproduction, recordation or anything written or recorded which

4

you contend supports, relates to, or refers to the allegations contained therein and for each such document, recordation, or reproduction, please identify the person(s), including yourself, who has custody or control over each such document, recordation, or reproduction, in accordance with the foregoing instructions.

**ANSWER TO INTERROGATORY NO. 4:** Responsive documents have been produced to Defendant in Plaintiff's Responses to Defendant's Requests for Production of Documents concurrently served herewith.

**INTERROGATORY NO. 5:** Please identify and describe each and every communication you have had with any employee or representative or former employee or representative of Defendant which related or referred to any one or more or the allegations of your Complaint, including within your answer without limitation an identification or description of: each individual with whom you had each such comnuinication; the substance of each such communication in as verbatim form as possible; the date, time and place of each such communication; any and all witnesses to or persons with personal knowledge of each such communication; and any and all documents which, in whole or part contain, set out, describe, explain or otherwise refer to each such communication.

**ANSWER TO INTERROGATORY NO. 5:** None.

**INTERROGATORY NO. 6:** Please state the complete factual basis for the allegation in Paragraph 13 of your Complaint that Defendant failed and/or refused to train you on reconcilement procedures despite repeated requests by you for such training while

5

it trained other employees on such procedures, including within your answer without limitation an identification or description of: all requests you made for such training and when and to whom you made those requests; and all individuals who were trained on reconcilement procedures during the time you requested such training.

**ANSWER TO INTERROGATORY NO. 6:** Plaintiff objects to this interrogatory to the extent the interrogatory requests Plaintiff to state "when" he made the requests for training because the request is unduly burdensome and oppressive as the requested information occurred about two years ago. Without waiving the stated objection, Plaintiff states that he made the requests to his supervisor, Phyllis Burkhart, and the individuals that were trained were all other employees in the reconcilement section at the time.

**INTERROGATORY NO. 7:** Please state the complete factual basis for the allegation in Paragraph 14 of your Complaint that as a result of your continued work on the stripping machine you were diagnosed with shoulder sprain and degenerative disease, including within your answer without limitation an identification or description of: the doctor(s) who made such diagnoses; the nature of the degenerative disease; the prescribed course(s) of treatment; and any and all documents which, in whole or part contain, set out, describe, explain or otherwise refer to the diagnoses, courses of treatment, or the causes of the shoulder sprain or degenerative disease.

**ANSWER TO INTERROGATORY NO. 7:** Plaintiff was diagnosed by Dr. Allotey, Health First Medical Group, P.A., 12450 Parklawn Drive, Suite 102, Rockville,

MD 20852, telephone number 301-231-8090. Plaintiff has requested for his medical records and the same will be provided upon receipt.

**INTERROGATORY NO. 8:** Please state the complete factual basis for the allegation in Paragraph 16 of your Complaint that Defendant denied your requests for a transfer from the reconcilement section while other employees were allowed to transfer, including within your answer without limitation an identification or description of: all requests you made for a transfer from the reconcilement section and when and to whom you made those requests; and all individuals who were allowed to transfer during the time you requested a transfer from the reconcilement section and to what sections each such individual was allowed to transfer.

**ANSWER TO INTERROGATORY NO. 8:** Plaintiff states that on several occasions he cannot recollect now, he made requests transfer to Diane Brougham, Phyllis Burkhat, and John Riviere. Plaintiff cannot recall the names of all employees that were allowed to transfer but Plaintiff recall one Ms. Crosby that was allowed to transfer to the morning shift. Discovery continues and Plaintiff expects to supplement this answer.

**INTERROGATORY NO. 9:** Please state the complete factual basis for the allegation in Paragraph 17 of your Complaint that Defendant continued to hire other employees outside of your protected class after your employment was terminated, including within you answer without limitation an identification or description of each individual who was hired after you were terminated and each position into which each person was hired.

**ANSWER TO INTERROGATORY NO. 9:** on or about May 2002, Defendant hired three female employees to the reconcilement section. Plaintiff do not recall their names. Discovery continues and Plaintiff expects to supplement this answer.

**INTERROGATORY NO. 10:** Please state the complete factual basis for your contention that Defendant discriminated against you on the basis of your age.

**ANSWER TO INTERROGATORY NO. 10:** On Plaintiff's last day at work, Phyllis Burkhart told Plaintiff that Plaintiff was been retired because of his age; and no other employee of Plaintiff's age was terminated, while other younger employees were retained. On or about April 2002, when Plaintiff took five days for eye surgery, Diane Brougham and Phyllis Burkhart complained about it while Thomas, last name unknown, (Indian,) went for three-to four months without complaint. Also, two middle age white employees, (plaintiff does not recall their names), took about four months off for medical reasons without complaints. Discovery continues and Plaintiff will supplement this answer.

**INTERROGATORY NO. 11:** Please state the complete factual basis for your contention that Defendant discriminated against you on the basis of your race.

**ANSWER TO INTERROGATORY NO. 11:** Other employees who are either white or black Americans were favorably treated compared to Plaintiff because they were trained, allowed to transfer, were not made to work only on the stripping machine, and were not terminated. On one occasion, Diane Brougham called Plaintiff a "dummy" in Plaintiff's presence.

8

**INTERROGATORY NO. 12:** Please state the complete factual basis for your contention that Defendant discriminated against you on the basis of your national origin.

**ANSWER TO INTERROGATORY NO. 12:** See answer to 11 above.

**INTERROGATORY NO. 13:** Please identify each individual you believe was similarly situated to you but was treated differently than you with respect to each one or more of the terms or a. conditions of employment you claim form a basis of your lawsuit, including within your answer without limitation an identification or description of: each such individual; how exactly each such individual was similarly situated to you; and how exactly each such individual was treated differently than you.

**ANSWER TO INTERROGATORY NO. 13:** Other employees who worked with Plaintiff at the reconcilement section were trained by Defendant, were allowed more break time, and were not terminated. Plaintiff does not recall the names of all the employees. Discovery continues and Plaintiff will supplement this answer.

**INTERROGATORY NO. 14:** Please state the complete factual basis for your contention, if you so contend, that Defendant's reasons for its conduct as it relates to you were or are pretextual.

**ANSWER TO INTERROGATORY NO. 14:** Defendant did not state any reason for terminating Plaintiff.

**INTERROGATORY NO. 15:** Please describe in detail all losses, damages, and expenses you claim you have suffered as a result of any conduct Defendant as alleged in Paragraphs 21 and 23 of your Complaint, including within your answer without limitation

9

a detailed breakdown and arithmetic calculation of all monetary damages you claim.

**ANSWER TO INTERROGATORY NO. 15:** (A) Loss wages of $4,692.88 from June 21, 2002 to October 21, 2003 at $8.30/hour for 32 hours per week including shift pay. (B) Plaintiff also lost his associate stock plan, pension plan, associate life insurance, healthcare reimbursement account, dependent life insurance, and long term care insurance, vacation pay, and bonuses. Discovery continues and Plaintiff will supplement this answer.

**INTERROGATORY NO. 16**: Please state the complete factual basis for the allegation in Paragraph 22 of your Complaint that you have suffered and continue to suffer impairment and damage to your good name and reputation.

**ANSWER TO INTERROGATORY NO. 16:** After Plaintiff's termination by Defendant, Plaintiff sought employment with several employers and Plaintiff was not hired.

**INTERROGATORY NO. 17**: Please state the complete factual basis for the allegation in Paragraph 23 of your Complaint that you have suffered and continue to suffer severe and lasting embarrassment, humiliation, and anguish.

**ANSWER TO INTERROGATORY NO. 17:** Plaintiff worked for Defendant for more than a decade and my employment was summarily terminated without any warning or reason whatsoever. On the date of my termination, I was escorted out of the building even though I posed no threat or risk to anyone.

**INTERROGATORY NO. 18:** Please state the complete factual basis for the


allegation in Paragraph 24 of your Complaint that Defendant's conduct was outrageous, callous, oppressive and done in conscious disregard of your rights, thus entitling you to punitive damages.

**ANSWER TO INTERROGATORY NO. 18:** As stated above, I worked for Defendant for more than ten years. During that period, I worked for other employer except the Defendant. I satisfactorily performed my duties and received recognitions for my performance by Defendant. Despite this, my employment was terminated by Defendant while other white or black Americans and other younger employees were not terminated.

**INTERROGATORY NO. 19:** Please state the complete factual basis for determining the type and/or amount of actual, equitable, compensatory and punitive damages, as appropriate, you allege should be awarded as a result of the alleged conduct of Defendant complained of in your Complaint, including but not limited to an identification of each specific fact, person with knowledge, witness, document, reproduction, recordation, and oral communication that supports each such claim for such damages, and an itemization of the various components of actual and compensatory damage claims including the precise basis for calculating the amount of all such damages.

**ANSWER TO INTERROGATORY NO. 19:** Plaintiff objects to this interrogatory on the ground that it is overbroad, unduly burdensome, and seeks information that is not relevant or calculated to lead to the discovery of admissible evidence. Without waiving these objections, Plaintiff states that relevant facts include the

11

length of Plaintiff's employment by Defendant, Defendant's employment of more than five hundred employees, and the intentional discrimination by Defendant.

**INTERROGATORY NO. 20:** Pursuant to Rule 26(b)(4) of the Federal Rules of Civil Procedure, please identify all expert witnesses whom you intend to call in any trial of this case, including within your answer without limitation: the area of expertise of each such expert witness; the subject matter upon which such expert will testify; a statement of the substance of the facts and opinions to which each such expert is expected to testify; and a summary of the grounds for each such opinion; and identify all written reports, letters and other documents submitted to you by each such expert.

**ANSWER TO INTERROGATORY NO. 20:** None at this time, subject to Plaintiff's right to supplement at a later time.

**INTERROGATORY NO. 21**: If you contend that any admissions against interest have been made by Defendant or any of its agents in connection with the circumstances surrounding this lawsuit, please identify the circumstances under which each such alleged admission against interest was made, including within your answer without limitation an identification of: the source of each alleged admission against interest that was allegedly made; the substance thereof in as verbatim form as possible; the date, time and place of each such alleged admission against interest; any person who witnessed or has personal knowledge of each such alleged admission against interest; and all documents which contain, set out, describe, relate or refer to each such admission in whole or in part.

**ANSWER TO INTERROGATORY NO. 21:** As stated above, on the date of Plaintiff's termination, Phyllis Burkhat told Plaintiff that Plaintiff was been retired because of Plaintiff's age.

**INTERROGATORY NO. 22**: Please state all of your income and all sources of income for all years 2000 through the present and continuing.

**ANSWER TO INTERROGATORY NO. 22:** Plaintiff's source of income was solely from Defendant up to the time of Plaintiff's termination in June 2002. From the time of his termination, Plaintiff received wages from Wackenhut Services Incorporated, 4710 Auth Place, Suite 700, Camp Springs, MD 20746/MVM Incorporated, 1593 Spring Hill Road, Suite 700, Vienna, VA 22182 at approximately $14.27/hour for forty hours a week from October 2002; Plaintiff also received unemployment benefits before his new employment.

**INTERROGATORY NO. 23:** Please describe in detail all actions taken by you to mitigate your damages before and after the termination of your employment with Defendant, including within your answer without limitation: the identity of each and every job or position within or outside of defendant for which you applied including a description of and the salary offered for those jobs or positions; the date you applied for each job or position; any documents used by you in applying for each job or position; with whom you interviewed for each position; and each reason given to you as to why you did not receive each position for which you claim to have applied.

**ANSWER TO INTERROGATORY NO. 23:** Plaintiff refers defendant to

responsive documents produced by Plaintiff in response to Defendant's Requests for production of Documents produced herein.

**INTERROGATORY NO. 24:** Identify every individual, except your attorneys, with whom you have discussed the actions of Defendant alleged in your Complaint, including the date and content of each conversation, and identify all documents which relate in any way to these communications.

**ANSWER TO INTERROGATORY NO. 24:** Plaintiff states that he has discussed with his spouse, Adijatu Bello, his pastor, Rev. (Col) Ebenezer Caternor, identified above.

## VERIFICATION STATEMENT

I solemnly affirm under the penalties of perjury that the foregoing answers to interrogatories are true to the best of my knowledge, information and belief.

_____
YEKEEN A. BELLO

Respectfully Submitted,

_____
Fatai A. Suleman, Esquire
Bar # 14431
Amorow & Kum, P.A.
7676 New Hampshire Avenue, Suite 315
Takoma Park, MD 20912.
Phone: 301-445-7800
Fax: 301-408-0015.

Plaintiff's Attorney.