**EXHIBIT 7**

## AFFIDAVIT OF MARK D. FELSE

I, Mark D. Felse, do hereby depose and swear as follows:

1. I am a witness of lawful age. I have personal knowledge of and am competent to testify to the matters stated in this affidavit.

2. I have been employed by Bank of America (the "Bank"), or one of its predecessor banks, for approximately 16 years. I am presently a Sr. Process Design Engineer within Transaction Services. From May 2000 to September 2003, I was the Operation Manager for Mid-Atlantic Transactions Services Item Processing Group.

3. During 2002, Mid-Atlantic Transaction Services conducted a number of reductions in force. In June 2002, we conducted a reduction in force within the Check Processing and Proof groups due to volume reductions and in an attempt to better align their resources so as to improve productivity and achieve cost savings. Ten associates from these groups from various subgroups were selected for layoff as part of this reduction in force. One of the subgroups that was selected for reduction due to volume reductions was Maryland Reject Processing 2nd Shift. The Supervisor and Manager rated the job performance of the 12 associates working in Maryland Reject Processing 2nd Shift. Yekeen Bello was rated within this group and based upon that rating he was selected for layoff.

4. Eric Mosher, Team Lead / Supervisor, and I met with Mr. Bello to inform him that he was being laid off. In this meeting, I told Mr. Bello that his position had been affected by a reduction in force and that he had been selected from among the other associates within his group based upon his performance. I gave Mr. Bello a Corporate Severance Program package and went over its contents with him.

5. Eligibility for a severance and benefits through the Corporate Severance Program requires among other things that the associate "successfully perform" his or her work until his or

her position is officially eliminated. This means that the associate must cooperate with the Bank and continue performing his or her duties during any period between the notification that the associate's position has been effected and the associate's last day of work. It does not mean that the associate's job performance was meeting the Bank's legitimate expectations at the time the associate was selected for lay off. In the case of the layoff in June 2002, the associate's last day of work for each of the ten associates was the day the associate was notified that his or her position had been effected.

6. When an employee is selected for layoff as a part of a reduction in force, the associate is generally considered to be eligible for rehire, unless the associate has violated a condition of employment or engaged in other misconduct.

7. An associate who works 32 hours per week is considered by the Bank to work part-time.

_____
Mark D. Felse

Pursuant to 28 U.S.C. Section 1746, I declare under the penalty of perjury that the foregoing is true and correct. Executed this 15th day of December, 2003.

_____
Mark D. Felse

2