**EXHIBIT 8**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| YEKEEN A. BELLO, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. AMD 03-CV-493 |
| BANK OF AMERICA CORPORATION, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT'S FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF YEKEEN BELLO

Defendant Bank of American Corporation (the "Bank"), through undersigned counsel, requests that Plaintiff Yekeen Bello ("Bello" or "Plaintiff") respond to the following requests for admissions separately and fully in writing, under oath, in accordance with Rule 36 of the Federal Rules of Civil Procedure. Please take notice that a copy of this response must be served upon the undersigned counsel within thirty (30) days of the service of this Request for Admissions.

### GENERAL INSTRUCTIONS AND DEFINITIONS

1.  Pursuant to Rule 36 of the Federal Rules of Civil Procedure, each answer to these requests shall specifically admit or deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.

2.  Pursuant to Rule 36 of the Federal Rules of Civil Procedure, lack of information or knowledge is not sufficient reason for failure to admit or deny unless you have made a reasonable inquiry and the information known or readily obtainable is insufficient to enable you to admit or deny.

3. Each request shall be deemed to be continuing in nature requiring further and supplemental responses if you obtain additional information between the time of your initial response and the time of hearing or trial or if you learn that your response is in some material respect incomplete or incorrect.

4. If you deny any request for admission, or any part thereof, specify what part of the request for admission is denied and state all facts and/or reasons that support such denial.

5. If you do not unequivocally admit or deny any matter, set forth in detail the reasons why you cannot truthfully admit or deny the matter. Any denial must fairly meet the substance of the requested admission. When good faith requires that a request for admission be denied in part or that a response be qualified, specify so much of the request as is true and qualify or deny the remainder.

6. If you object to a request for admission, or any part thereof, state the reason for your objection and answer fully those parts to which you do not object.

7. If you decline to answer any request for admission, or part thereof on a claim of privilege or any other claim, specify the subject matter of the information withheld and describe in detail the nature and basis of your claim.

8. In answering these requests, furnish all information, however obtained, that is available to you and your attorneys. If, after exercising due diligence to secure the information requested, you cannot answer a request, or any portion thereof in full, so state, answer to the extent possible, specify the reasons why you are unable to provide a full and complete answer, and state what information, knowledge or belief you do have concerning the unanswered portion.

## REQUEST FOR ADMISSIONS

1. During 2002 you were not the only employee working in Maryland Reject Processing 2nd Shift (also know as Twilight Reject Re-Entry) who was originally from Nigeria.

2. During 2002 you were not the only employee working in Maryland Reject Processing 2nd Shift (also know as Twilight Reject Re-Entry) who was originally from Africa.

3. During 2002 you were not the only employee who was supervised by Phyllis Burkhart who was originally from Nigeria.

4. During 2002 you were not the only employee who was supervised by Phyllis Burkhart who was originally from Africa.

5. During 2002 you were not the only employee for whom Diane Broughman was the Manager who was originally from Nigeria.

6. During 2002 you were not the only employee for whom Diane Broughman was the Manager who was originally from Africa.

7. In 2002, you were paid by the Bank more than that which you had earned through hours worked and other benefits.

8. Over the period of June to August 2002, you were paid $2,877.35 in severance payment despite the fact that you did not sign the General Release and Program Agreement ("CSP Agreement").

9. Over the period of June to August 2002, you were paid some or all of the severance payment despite the fact that you did not sign the General Release and Program Agreement ("CSP Agreement").

10. You had more income in 2002 than you did in 2001.

11. Starting in October 2002, you earned $570.80 per week with the possibility of additional overtime, whereas in 2002 you earned $265.60 per week from the Bank.

12. Starting in October 2002, you earned $570.80 per week, whereas in 2002 you earned $265.60 per week from the Bank.

Respectfully submitted,

*/s/ Elena D. Marcuss*
Douglas M. Topolski (Fed. Bar No. 07844)
Elena D. Marcuss (Fed. Bar No. 25547)
McGuireWoods LLP
Seven St. Paul Street, Suite 1000
Baltimore, Maryland 21202
(410) 659-44400

Attorneys for Defendant
Bank of America Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of October, 2003, a copy of the foregoing Defendant's Request for Admissions to Yekeen Bello the was mailed, first-class, postage prepaid to Counsel for Plaintiff:

Fatai A. Suleman, Esquire
Amorow & Kum, P.A.
7676 New Hampshire Avenue, Suite 315
Takoma Park, Maryland 20912.

*/s/ Elena D. Marcuss*
Elena D. Marcuss

\\LAB\#405638