IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| YEKEEN A. BELLO, | * | |
|    Plaintiff, | * | |
| v. | * | Civil Action No. AMD 03-CV-493 |
| BANK OF AMERICA CORPORATION, | * | |
|    Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM IN SUPPORT OF BANK OF AMERICA CORPORATION'S BILL OF COSTS

Defendant Bank of America Corporation (the "Bank"), through undersigned counsel, respectfully submits this Memorandum in Support of its Bill of Costs. For the reasons discussed below, the Bank's Bill of Costs should be allowed and costs in the amount of $938.50 should be assessed against Plaintiff.

### I.     Facts and Itemization of Costs

On or about February 24, 2003, Plaintiff Yekeen Bello ("Plaintiff") filed a Complaint against the Bank alleging that he was discriminated against in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et. seq., and Title VII of the Civil Rights Act of 1964, 44 U.S.C. §§ 2000e, et seq. ("Title VII"). Following the completion of discovery, the Bank moved for summary judgment. On May 28, 2004, Judge Davis granted summary judgment in favor of the Bank and entered judgment in favor of the Bank and against Plaintiff. The Bank is, thus, the prevailing party in this matter.

As part of its defense of this matter, the Bank took the deposition of the Plaintiff and relied on the transcript of this deposition in its motion for summary judgment. The cost to the

Bank for the deposition of Plaintiff was $938.50. The accuracy of this cost is attested to in an affidavit, attached hereto as Exhibit A, which includes a copy of the invoice for the deposition.

## II.     The Bank's Costs Should Be Assessed Against Plaintiff

Federal Rule 54(d)(1) provides:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorney's fees shall be allowed as a matter of course to the prevailing party unless the court otherwise directs.

Such costs may include the "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. §1920(2).

The Fourth Circuit has addressed the issue of awarding costs to a prevailing defendant in a Title VII action, and reaffirmed that Rule 54(d)(1) "creates the presumption that costs are to be awarded to the prevailing party." Cherry v. Champion International Corp., 186 F.3d 442, 446 (4th Cir. 1999) (citing Delta Airlines, Inc. v. August, 450 U.S. 346, 352 (1981), and Teague v. Bakker, 35 F.3d 978, 995-96 (4th Cir. 1994)). In Cherry, the Fourth Circuit rejected the following grounds relied upon by the District Court for denying costs to the prevailing corporate defendant: the plaintiff's good faith; the plaintiff's modest means; the comparative economic power of the parties; and the public interest in encouraging individuals to pursue Title VII actions. 186 F.3d at 446-48.

## III.     Conclusion

For the foregoing reasons, the Bank respectfully requests that its costs in the amount of $938.50 be assessed against Plaintiff.

Respectfully submitted,

_____/s/_____
Douglas M. Topolski (Fed. Bar No. 07844)
Elena D. Marcuss (Fed. Bar No. 25547)
McGuireWoods LLP
Seven St. Paul Street, Suite 1000
Baltimore, Maryland  21202
(410) 659-4400

Attorneys for Defendant
Bank of America Corporation

\\LAB\504835.1